IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUCILO TAVÁREZ-GUERRERO,
SANTOS EVELYN BONILLA-DÍAZ,
CONJUGAL PARTNERSHIP TAVÁREZ-BONILLA,

Plaintiffs

v.                                                                                           07-2250 (JAG) (JA)

PEDRO TOLEDO-DÁVILA,
JORGE SANTINI-PADILLA,
WALDO PABÓN-GONZÁLEZ,
MARVIN COLÓN,
EUDALDO ROSA-GARCÍA,
UNKNOWN CO-DEFENDANTS 1-8,

Defendants

OPINION AND ORDER

This is an action brought under the Civil Rights Act of 1971. Specifically, plaintiffs request money damages under the Civil Rights Act, 42 U.S.C. § 1983, the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Puerto Rico and under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. Among the defendants are the former Superintendent of Police Pedro Toledo-Dávila and the present mayor of the Municipality of San Juan, Jorge A. Santini-Padilla.

CIVIL 07-2250 (JAG) (JA)                     2

This matter is before the court on motion to strike plaintiffs' witness and medical records filed by co-defendant Santini-Padilla on May 13, 2010. (Docket No. 107.) He notes that on October 8, 2008, he served a first set of interrogatories and request for production of documents upon plaintiffs. Within those requests were copies of all the medical records and any other documents related to the treatment received for their alleged mental and moral anguishes. Also, plaintiffs were required to list all the witnesses and expert witnesses that they intend to present at trial, and to provide the curriculum vitae and reports of all expert witnesses. The co-defendant received answers to written discovery on January 14, 2009. As part of that discovery, the plaintiffs announced their own testimony and that of Dr. Rubén Bravo Valverde. In relation to their medical treatment, plaintiffs included letters and certifications from Dr. Bravo Valverde and psychologist María E. Chávez indicating that plaintiffs were receiving attention in their offices. Their attendance record as well as the date of their next appointment were also included. No information regarding plaintiffs' evaluation, mental condition, treatment, recommendations or any other medical or health related matters are included. The co-defendant has attempted on several occasions to schedule the deposition of plaintiffs' treating physician, Dr. Ruben Bravo Valverde. All attempts have failed. Records related to psychiatric and psychological treatment have also been requested. Attempts to obtain such

CIVIL 07-2250 (JAG) (JA)                3

records have also failed. Subpoenas were then served on Dr. Bravo Valverde to produce plaintiffs' medical records and to appear to testify at a deposition. The doctor refused to accept the subpoenas. Subsequent attempts to obtain those medical record have proven fruitless.

In view of the plaintiffs' failing to comply with discovery requests, the co-defendant seeks that the court enter an order striking Dr. Bravo Valverde as a witness for plaintiffs. He also requests that all medical records that have not been produced be stricken, including the record prepared by Dr. Bravo Valverde. (Docket No. 107, at 3.)

Plaintiffs opposed the motion to strike on June 2, 2010. (Docket No. 127.) They note that they announced their expert witness as Dr. Rubén Bravo Valverde, a forensic and geriatric psychiatrist, and also included with the answers to interrogatories copies of certifications provided to plaintiffs by Dr. Bravo Valverde at each office visit. Plaintiffs note that co-defendant's counsel had informed of his interest in deposing Dr. Bravo Valverde but an agreement as to the witness' fees was never reached. The position of the co-defendant is that Dr. Bravo Valverde is a treating physician and is therefore not entitled to expert fees for his deposition. Dates were agreed upon and defense counsel was asked to serve subpoena upon Dr. Bravo Valverde in order to assure his appearance at the deposition. The subpoena was issued but the doctor refused to accept the

CIVIL 07-2250 (JAG) (JA)                        4

subpoena.  The reason given for refusal to accept the subpoena was the failure to agree on a witness fee.  The doctor also stated that he was willing to be deposed at his office after 3:00 P.M. due to the quantity of the patients that he attends to.  The doctor understood that plaintiffs' record are confidential and not reviewable  by third parties.  He has since been advised by plaintiffs' counsel to the contrary.  Plaintiffs request that the deposition be rescheduled so that the medical records may be provided.

     A.  Witness Fees

     Per 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40 per day.  That "statutory allowance 'does not include expert witness fees for consultation, analysis, and intellectual effort.'"  <u>Shared Med. Sys. v. Ashford Presbyterian Cmty. Hosp.</u>, 212 F.R.D. 50, 55 (D.P.R. 2002) (quoting <u>Ramos v. Davis & Geck, Inc.</u>, 968 F. Supp. 765, 782 (D.P.R. 1997)).  The question remains whether Dr. Bravo Valverde is to be treated as an expert witness or as a fact witness.

     Federal Rule of Civil Procedure 26(b)(4)(E)(i) places a financial burden of deposing a testifying expert on the party that conducts the deposition.  Fed. R. Civ. P. 26(b)(4)(E)(i).  Courts have generally found that the party taking the deposition is required by Rule 26(b)(4)(E)(i) to pay for preparation time.  <u>Emmeneger v. Bull Moose Tube Co.</u>, 33 F. Supp. 2d 1127, 1136 (E.D. Mo. 1998);

CIVIL 07-2250 (JAG) (JA)            5

Lent v. Fashion Mall Partners, 223 F.R.D. 317, 318 (S.D.N.Y. 2004); Fleming v. United States, 205 F.R.D. 188, 190 (W.D. Va. 2000); Collins v. Vill. of Woodridge, 197 F.R.D. 354, 357 (N.D. Ill. 1999).  However, "[t]he provisions about payment in Rule 26(b)(4)(C) are subject to the condition 'unless manifest injustice would result.'  Thus the court can decline to require payment in some deserving cases."  8A The Late Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civ. § 2034.  In this particular case, plaintiffs have announced Dr. Bravo Valverde as an expert but it clearly appears that he is a treating physician.  The defendants filed a misnamed Joint Case Management Memorandum on June 20, 2008.  (Docket No. 42.)  Although the memorandum is designated as such, and docketed as such, only the defendants' section of the memorandum was filed.  On October 16, 2009, a joint motion announces that the deposition of plaintiffs' expert, Dr. Bravo Valverde, remains to be taken.  (Docket No. 78.)  Certainly, as a treating physician, Dr. Bravo Valverde can testify at trial without the need to produce a report because he has not been specially employed to provide expert testimony.  See González v. Executive Airlines, Inc., 236 F.R.D. 73, 78 (D.P.R. 2006.); 8A The Late Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2031.1 n.6 (2ed. & Supp. 2004).  Furthermore, it does not appear anywhere in the record that he has prepared a report as required prior to being deposed.  See Fed. R. Civ. P. 26(b)(4)(A.);

CIVIL 07-2250 (JAG) (JA)                           6

McDermott v. FedEx Ground Sys., Inc., 247 F.R.D. 58, 59-60  (D. Mass. 2007). Therefore, Dr. Bravo Valverde will be treated as a treating physician and not as an expert witness.  See González v. Executive Airlines, Inc., 236 F.R.D. at 77-78.

     B.  Failure to Make Disclosures

     Rule 26(a)(2) of the Federal Rules of Civil Procedure "requires parties to disclose the identity of their expert witnesses as well as their experts' reports in accordance with scheduling orders issued by the trial court." Morel v. Daimler-Chrysler Corp., 259 F.R.D. 17, 19-20 (D.P.R. 2009) (citing Fed. R. Civ. P. 26(a)(2)); see Laplace-Bayard v. Batlle, 295 F.3d 157, 161-62 (1st Cir. 2002). "An expert's complete report is due at a specific time during the discovery period in order to allow opposing counsel to depose the expert, if desired, and to allow the opposing party's expert witness time to respond to the opinions expressed in the report, also within the discovery period, so that the plaintiff's counsel will also have an opportunity to explore those opinions before the end of discovery and the deadline for the filing of dispositive motions." Griffith v. E. Me. Med. Ctr., 599 F. Supp. 2d 59, 63-64 (D. Me. 2009) (citing Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992). "An expert can always supplement his or her opinions after submitting a report, should the need arise.  What the expert cannot do is dictate the timing and progress of the case; that is a matter solely within the court's control." Griffith v. E. Me. Med. Ctr., 599 F. Supp. 2d at 64.

CIVIL 07-2250 (JAG) (JA)                              7

When the "automatic discovery provisions of Rule 26(a) and 26(e) are violated . . . " subsection (c) of Rule 37 comes into play. Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R., 248 F.3d 29, 33 (1st Cir. 2001) (citing Fed. R. Civ. P. 37(c)).  Subsection (c) of Rule 37 provides, in relevant part, that if "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [, that party] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia, 248 F.3d at 33 (quoting Fed. R. Civ. P. 37(c)(1)).  Thus, "Rule 37(c)(1) 'clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion.'" Griffith v. E. Me. Med. Ctr., 599 F. Supp. 2d at 64 (quoting Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 60 (1st Cir. 2001)).

Plaintiffs have clearly failed to comply with the discovery requests related to the medical records of plaintiffs.  Those medical records must be produced.  If they are not produced, information related to such records will be excluded at trial, as well as the testimony of the doctor who created such medical records.

In view of the above, the co-defendant's motion to strike plaintiffs' witness and medical records is DENIED without prejudice.  Parties are reminded that the

CIVIL 07-2250 (JAG) (JA)              8

court has a broad range of authority to secure the efficient conduct of discovery. See, e.g., Valentín v. Concentrated Chem. Co., 184 F.R.D. 228, 229-30 (D.P.R. 1999).  Discovery is to be completed expeditiously.

      In San Juan, Puerto Rico, this 3d day of December 2010.

                                          S/ JUSTO ARENAS
                            Chief United States Magistrate Judge