IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUCILO TAVAREZ-GUERRERO, et al.,

    **Plaintiff(s)**

    v.

PEDRO TOLEDO-DAVILA, et al.,

    **Defendant(s)**

**CIVIL NO.** 07-2250 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Jorge A. Santini Padilla's Motion for Partial Summary Judgment. (Docket No. 101). For the reasons set forth below, the Court hereby **GRANTS** the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 28, 2007, Lucilo Tavarez Guerrero ("Tavarez"), Santos E. Bonilla Diaz ("Bonilla"), and the conjugal partnership constituted by them (collectively "Plaintiffs") filed the present complaint. Plaintiffs state that on April 12, 2007, several San Juan municipal and state police officers forcefully broke into their home without a search warrant and arrested them. Bonilla claims that one of the police officers violently threw her to the ground and handcuffed her. She also claims she

was dragged for a distance of about sixty feet and brusquely pushed her into a patrol car. According to her, as a result of said action, she suffered several cuts, bruises and trauma to her head, face, arms, and legs.

Plaintiffs aver that after they were arrested, the police officers conducted a warrantless search of their house, taking a machete and their keys. The police officers took Bonilla to the Barrio Obrero Police Station and Tavarez to the municipal police station. According to Plaintiffs', they stayed in their prison cells without food or water until noon of the following day when they were taken to the San Juan Judicial Center in Hato Rey. At the Judicial Center, Plaintiffs were handcuffed and placed in prison cells for two additional hours. On April 13, 2007, criminal charges were filed against Plaintiffs but were dismissed on May 15, 2007. Judgment to that effect was entered on that same date and notified on June 1, 2007.

The complaint in the instant case was filed against several municipal and state police officers, Pedro Toledo as Chief of Police in Puerto Rico, and Jorge A. Santini Padilla, the Mayor of San Juan ("Santini" or "Mayor"). Plaintiffs allege in the complaint that their arrest was illegal; that they were submitted to an unreasonable search and seizure in the privacy of their homes; and that excessive force was used against them by the police officers involved in their arrest. (Docket No. 1).

Plaintiffs requested money damages under the Civil Rights Act, 42 U.S.C. §§ 1983 *et seq.*, and the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Puerto Rico and under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141. Plaintiffs Fifth and Ninth Amendment claims were subsequently dismissed by the Court. (Opinion and Order, Docket No. 33).

Santini filed a Motion for Partial Summary Judgment ("MSJ"). (Docket No. 101). In the motion, he argues that he was not properly summoned in his personal capacity and that the complaint against him in his official capacity should be dismissed because it does not state a claim upon which relief could be granted under any plausible legal theory. After Plaintiffs' opposition and Santini's Reply, the motion was referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 135). The Magistrate Judge recommends that Santini's motion be granted. (Docket No. 141). Plaintiffs timely filed their Objections to the Report and Recommendation. (Docket No. 144).

**STANDARD OF REVIEW**

1. <u>Summary Judgment Standard</u>

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled

to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed. R. Civ. P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before a Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant this Court's denial of the motion for summary judgment. Anderson, 477 U.S. at 248. The opposing party must demonstrate "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). Moreover, on issues "where [the

opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." United States v. Union Bank for Sav. & Inv.(Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (citing United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (citing Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). It is important to note that throughout this process, this Court cannot make credibility determinations, weigh the evidence, and make legitimate inferences from the facts, as they are jury functions, not those of a judge. Anderson, 477 U.S. at 255.

**ANALYSIS**

In his Report and Recommendation the Magistrate Judge determined that Plaintiffs allegations were not sufficient to establish that the Mayor was responsible under the doctrine of supervisory liability. It is well settled that a supervisor, such as the Mayor in this case, may be found liable under ¶ 1983 on the basis of his own acts or omissions; liability may not be predicated upon a theory of *respondeat superior*. Barreto-Rivera v. Medina Vargas, 168 F. 3d 42, 46 (1st Cir. 1999). A supervisor

may be found liable if the "supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." Gutierrez-Rodriguez v, Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). "Even if a supervisor lacks actual knowledge of censurable conduct, he may be liable for the foreseeable consequences of such conduct if he would have known of it but for his deliberate indifference or willful blindness, and if he had the power and authority to alleviate it." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

Specifically, the Magistrate Judge found that Plaintiffs have not expressly alleged which actions the mayor took and which policies he implemented that promote civil rights; how or why he should have known of the violations in this case; the absence or inadequacy of training; or the failure to take administrative actions against the municipal officers in this specific case. (Report and Recommendation, Docket No. 141, pp. 22-23). On the contrary, the Magistrate Judge found the Plaintiffs acknowledged that the Mayor established and implements a number of policies and regulations whose aim is the prevention and correction of any misconduct on the part of municipal law enforcement officers. He further found that no administrative complaint was filed in this case against the municipal officers involved. Id. In view of the above, the

Magistrate Judge concluded that Plaintiffs have not established a link between Santini's action or inaction and the events that gave rise to the complaint. Id. He also recommended that Plaintiffs' supplemental law claims against Santini be dismissed. Id. at 24.

In their Objections to the Report and Recommendation Plaintiffs allege that the Magistrate Judge erred in recommending that the MSJ be granted because he expressed that he would deem as established certain facts, but excluded others as to which he found there were genuine issues. Specifically, he excluded Statements of Facts 10-11 and 15-18 of Santini's Statement of Uncontested Facts ("SFU"). (Docket No. 119-5). The Court has examined these statements of facts but finds that, contrary to Plaintiffs' allegations, they do not preclude summary judgment regarding Santini. The statements in question do not establish issues of material fact in relation to the Mayor's supervisory liability. For example, Statement of Fact 10 and 11 indicate that the state officers requested assistance from a female municipal officer to arrest Bonilla. Plaintiffs deny said statement and assert that there was no female officer present and that Bonilla was arrested by a male police officer. (Plaintiffs' Response, Docket No. 122). Clearly, whether the arresting officer was male or female does not create issues of fact in relation to Santini's supervisory liability.

Plaintiffs also state that the Magistrate Judge deemed there were issues of fact in relation to whether Bonilla kicked and screamed when put inside the patrol car; whether she was taken to the municipal police station by one or two police officers; whether a municipal police officer entered the house; and whether the arrests were made by municipal or state officials. (Plaintiffs' Response, Docket No. 122). Again, these issues do not preclude summary judgment in favor of Santini because they are not issues of material fact regarding his supervisory liability. It is not enough to establish that municipal officers had a role in the events that gave rise to the complaint.

Finally, Plaintiffs object to the Magistrate Judge's determination to hold as admitted two Statements of Facts because the responses furnished by Plaintiffs lack specificity. These particular Statements of Fact are extremely relevant to the disposition of the Mayor's MSJ because they assert,

> Plaintiff Lucilo Tavarez does not have any evidence that demonstrates that co-defendant Jorge Santini, in his official capacity as Mayor of the Municipality of San Juan, [a] has implemented a public policy, law or regulation that promotes illegal searches and seizures and the violation of civil rights; [b] have [sic] failed to train or provide adequate training to San Juan Municipal Police Officers; [c] have [sic] acquiesced or permitted any kind of legal interventions; or [d] have [has] failed to implement and/or execute a disciplinary

> system to impose discipline and identify those officers that represent a danger to the community. (SUF, ¶ 29).[1]

Plaintiffs' response states,

> Denied, since based on the passages of the depositions previously quoted, the facts by themselves establish that in the case at bar, an illegal search and seizure and the violation of Plaintiffs' civil rights was condoned and an illegal intervention was allowed, acquiesced or permitted by the Municipal Police Officers who intervened with the Plaintiffs together with, in conjunction with, or joined by the State Police Officers. (Plaintiffs' Response, Docket No. 122, pp. 19-20)

Evidently, the Magistrate Judge was correct in finding that these responses do not meet the specificity requirement of the anti-ferret rule. (Report and Recommendation, p. 16 n.1). The response solely makes reference to "the passages of the depositions previously quoted." Id. Furthermore, in their Objections to the Report and Recommendation, Plaintiffs merely state that they "disagree" with the Magistrate Judge's determination to admit the statements in questions. (Docket No. 144, ¶ 23). It is well settled that "[g]iven adequate notice, 'a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals.'" Cortes-Rivera v.

---

[1] Paragraph 30 contains the same text in relation to Bonilla.

Dep't of Corr. & Rehab., 626 F.3d 21 (1st Cir. 2010) (citation omitted).

In sum, throughout the proceeding before this Court Plaintiffs have patently failed to establish through evidence in the record that there are issues of material fact regarding the Mayor's supervisory liability. In order to overcome Santini's MSJ, Plaintiffs needed to do much more than insist that the facts establish that they were arrested with excessive force, that they suffered a warrantless search of their home and that they were allegedly held without food or water. (Objections to the Report and Recommendation, p. 7). The Mayor's MSJ would have been defeated if Plaintiffs had sufficiently and specifically alleged and supported that the requirements of the supervisory liability doctrine set forth previously are present in the case at bar.

## CONSLUSION

For the reasons stated above, the Court hereby **GRANTS** the Mayor's Motion for Partial Summary Judgment (Docket No. 101) and accordingly dismisses the complaint with prejudice against said co-defendant.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 18th day of January, 2011.

s/ Jay A. García Gregory
JAY A. GARCIA GREGORY
U.S. DISTRICT JUDGE
